UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LESTER L. WASHINGTON                          CIVIL ACTION

VERSUS                                        NO: 08-4583

UNITED STATES COURT OF                        SECTION: "J" (2)
APPEALS FIFTH CIRCUIT, ET AL

**ORDER AND REASONS**

Before the Court is the plaintiff's **Complaint (Rec. Doc. 1)**. Since the plaintiff has filed this matter in forma pauperis the Court may, sua sponte, consider whether the plaintiff's complaint has merit or whether it should be dismissed as frivolous and for non-compliance with this Court's pleading rules. Upon review of the record and the applicable law, this Court now finds, for the reasons set forth below, that the plaintiff's complaint should be dismissed.

**Background**

Plaintiff Lester Washington, proceeding in forma pauperis, has filed this suit against several defendants connected with the judicial system seeking damages of $105,000,000. Previously, the

plaintiff sued numerous defendants connected with the state university that he attended in Mississippi alleging claims of discrimination and retaliation after he received poor grades and was dismissed from his graduate program.  See Washington v. Jackson State Univ., 244 Fed.Appx. 589 (5th Cir. 2007).  The United States District Court for the Southern District of Mississippi dismissed the plaintiff's claims on summary judgment and the plaintiff attempted to appeal to the United States Court of Appeals for the Fifth Circuit, seeking leave to proceed in forma pauperis on appeal.  Id.  After analyzing the plaintiff's claims and the district court's decision, the Fifth Circuit concluded that the plaintiff was not entitled to proceed in forma pauperis because his appeal was frivolous and without merit.  Id.  Subsequently, the plaintiff filed another lawsuit in the United States District Court for the Middle District of Louisiana against various defendants.  The district court dismissed that case pursuant to Rule 12(b)(6) and plaintiff appealed.  See Washington v. Weaver, No. 08-30392, 2008 WL 4948612 (5th Cir. Nov. 20, 2008).  In denying the plaintiff's appeal, the Fifth Circuit described the original complaint as "forty-nine pages of conclusory statements."  Id.

The present suit stems from the dismissal and appeal of the plaintiff's discrimination case in Mississippi.  Alleged wrongs suffered by the plaintiff in the disposition of that case now

2

form the basis of the instant complaint.  The plaintiff now alleges that justice was obstructed in his previous lawsuit by the sequestering and suppression of evidence.  Plaintiff's primary allegation in the instant suit lies against Chief Judge Henry T. Wingate of the Southern District of Mississippi.  Plaintiff further asserts claims against the Fifth Circuit, as an independent entity, as well as Chief Judge Edith H. Jones, Judge Thomas M. Reavley, Judge James L. Denis, and Judge Edward Charles Prado of the Fifth Circuit, Magistrate Judge James Summers of the Southern District of Mississippi, the Southern District of Mississippi, as an independent entity, the United States of America, the United States Supreme Court, LexisNexis, and Matthew Bender & Company, Inc. ("Matthew Bender").

The plaintiff asserts in his complaint that Chief Judge Wingate conspired against him to obstruct justice, suppress and sequester evidence, and was motivated to do so by bribes he received from the defense.  Plaintiff further claims that the Fifth Circuit, by rejecting his appeal, is further exacerbating the obstruction of justice and is merely acting to protect Chief Judge Wingate.  Likewise, plaintiff argues that in denying his appeal the Supreme Court of the United States is also conspiring against the plaintiff to suppress and sequester evidence in violation of the Federal Rules of Appellate Procedure.  Lastly, plaintiff asserts claims against LexisNexis and Matthew Bender

for publishing to the internet the unfavorable opinions reached in plaintiff's previous lawsuit.  From the plaintiff's lengthy, rambling complaint the Court can decipher that the plaintiff alleges violations of the following: 1) the Louisiana Tort Claims Act; 2) the Federal Torts Claim Act; 3) Retaliation for filing grievances and lawsuits under Title VI; 4) Denial of Access pursuant to Title VI; 5) Creation and maintenance of a hostile litigation environment resulting in a denial of Title VI Access; 6) the Civil Rights Act of 1964; 7) the Civil Rights Restoration Act of 1981; 8) Due Process under the Fifth and Fourteenth Amendments to the United States Constitution; and 9) 42 U.S.C. §§ 1981 and 1983.

## Discussion

**I. Applicable Law**

**A. Pleading Standards**

Federal Rule of Civil Procedure 8 requires that a complaint provide a "short and plain statement of the claim."  A complaint also must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Oliver v. Scott</u>, 276 F.3d 736, 741 (5th Cir. 2002)(quoting <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168 (1993)).  Additionally, to comport with federal pleading requirements the complaint must either: "(1) provide notice of

4

the circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." General Star Indem. Co. v. Vesta Fire Ins. Co., 173 F.3d 946, 950 (5th Cir. 1999).

**B. Special Treatment of In Forma Pauperis Complaints**

With respect to actions filed in forma pauperis, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A hearing need not be conducted in connection with the review of an in forma pauperis complaint under 28 U.S.C. § 1915. Wilson v. Barrientos, 926 F.2d 480, 483 (5th Cir. 1991). District courts must construe in forma pauperis complaints liberally, but they are given broad discretion in determining

when such complaints are frivolous. <u>Macias v. Raul A. (Unkown), Badge No. 153</u>, 23 F. 3d 94, 97 (5th Cir. 1994). The Fifth Circuit has noted that a "'district court may dismiss an [in forma pauperis] proceeding for frivolousness or maliciousness at any time, before or after service of process,' and that a district court is 'vested with especially broad discretion' in determining whether such a dismissal is warranted." <u>Bailey v. Johnson</u>, 846 F.2d 1019, 1021 (5th Cir. 1998) (quoting <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986)).

The Court has broad discretion in determining the frivolous nature of a complaint. In making that determination the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992)(citations omitted). Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915 purposes. <u>Id.</u>

A complaint is malicious if the claims asserted therein have already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants. "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple-but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

**II. Analysis**

    **A. Claims against Chief Judge Henry T. Wingate and Magistrate Judge James Sumner of the Southern District of Mississippi, Chief Judge Edith H. Jones, Judge Thomas M. Reavley, Judge James L. Dennis, and Judge Edward Charles Prado of the Fifth Circuit**

Judges enjoy absolute immunity from suits for acts undertaken in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 9-10 (1991). Absolute immunity is meant to ensure that "a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Id. (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1872)). Judicial immunity is not overcome by allegations of bad faith, malice, or corruption. Pierson v. Ray, 386 U.S. 547, 554 (1967)

7

("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly. . . .").

The Supreme Court has allowed for abrogation of this immunity in only two specific circumstances.  First, a judge is not immune from liability for non-judicial actions.  <u>Forrester v. White</u>, 484 U.S. 219, 226-27 (1988).  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.  <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978).  The Supreme Court has made it clear that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."  <u>Stump</u>, 435 U.S. at 362.

All actions in the instant matter have been taken by judges acting in their official capacities.  There are no allegations in the plaintiff's complaint that provide the basis for even a speculative belief that any of the judges named as defendants in this case ever took an action against the plaintiff outside of their judicial roles.  The plaintiff's sole interaction with the named judges was in the course of his earlier litigation.  In reality, the plaintiff is suing the named judges because he disagreed with their judicial decisions delivered in the proper course of litigating his earlier lawsuit.  All of the defendant

judges in this case are entitled to absolute judicial immunity and accordingly all claims against them must be dismissed.

**B. Claims against the United States Court of Appeals for the Fifth Circuit, United States District Court for the Southern District of Mississippi, United States Supreme Court, and United States of America**

The plaintiff contends in his complaint that these courts refused to examine all the evidence presented to them and ignored all motions and submissions made by the plaintiff.  Plaintiff further argues in the complaint that this course of conduct persisted all the way to the United States Supreme Court where he was denied certioari after unsuccessfully pressing his claims in the Fifth Circuit.

First, the plaintiff plainly does not understand the structure of the federal judiciary as the essence of these claims in the complaint is to seek appellate review of his earlier case in the United States District Court for the Eastern District of Louisiana.  The Eastern District of Louisiana is not an appellate body for denials of certioari.  Nor is this court an appellate court for either the Southern District of Mississippi or for the Fifth Circuit.  Through this complaint the plaintiff would have this court review the decision making process and indeed the

9

propriety of the decisions arrived at by these sister courts. This court has no jurisdiction to hear such claims.

Additionally, the claims against these courts and the government are plainly frivolous. A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. <u>Denton</u>, 504 U.S. at 31. The Fifth Circuit has issued well reasoned opinions addressing the plaintiff's previous claims. <u>See</u> <u>Washington v. Weaver</u>, No. 08-30392, 2008 WL 4948612 (5th Cir. Nov. 20, 2008); <u>Washington v. Jackson State University</u>, o244 Fed.Appx. 589 (5th Cir. 2007). As in the instant case, the complaints submitted in those actions were filled with nothing but conclusory allegations and frivolous claims. Such claims cannot give rise to any relief.

Indeed, the plaintiff's allegations provide no factual basis to support any of his assertions. A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>In re Katrina Canal Breaches Litgation</u>, 495 F.3d 191, 205 (5th Cir. 2007).

There are not enough facts present in the instant complaint

10

to raise the right to relief above the speculative level.  The
plaintiff's unfounded allegations in the complaint are plainly
frivolous, and for that reason the claims against the various
court entities and the government must be dismissed.

**C.  Claims against LexisNexis and Matthew Bender & Company, Inc.**

Plaintiff alleges in the complaint that LexisNexis and
Matthew Bender & Company, Inc. ("Matthew Bender") have illegally
posted false information on the internet, resulting in the
defamation of the plaintiff.  The false information consists of
the opinions rendered against the plaintiff in his previous
attempts at litigation.

This argument is wholly without merit and completely
groundless.  There are no factual allegations made that would
allow LexisNexis or Matthew Bender to respond to the plaintiff's
claims.  Furthermore, the plaintiff fails to even attempt to
prove any of the elements of any of the claims he levels at
LexisNexis and Matthew Bender.  Even under the liberal pleading
standards afforded those that proceed pro se, this portion of the
complaint is not in compliance with Federal Rule Civil Procedure
8(a).  Furthermore, there is simply no merit to the argument that
the plaintiff attempts to make that LexisNexis and Matthew Bender

can be held liable for publishing properly rendered judicial opinions.

Although the plaintiff is proceeding in forma pauperis and is entitled to a liberal construction of his complaint, he is not entitled to file a frivolous complaint such as the one before this Court. Through this law suit the plaintiff has launched an assault on the members of the judiciary, and the judicial system itself, who properly rendered judgment in the plaintiff's earlier discrimination case. This complaint is nothing more than a vehicle for the plaintiff to attack that earlier decision and to retaliate against those who properly decided that case. As the Fifth Circuit wisely stated in its last opinion regarding a complaint filed by this particular plaintiff:

> Neither the modern view of civil pleading nor the liberal pro se practice of this court has done away with the time honored notion that the law and courts of the United States are important parts of American society worthy of respect. The court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield against the technical requirements of past age; it is not a sword with which to insult a trial judge.

<u>Washington</u>, 2008 WL 4948612, at *4 (quoting <u>Theriault v. Silber</u>,

579 F.2d 302, 303 (5th Cir. 1978)).  Accordingly,

**IT IS ORDERED** that the plaintiff's **Complaint (Rec. Doc. 5)** is hereby **DISMISSED.**

New Orleans, Louisiana, this 20th day of February, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE